United States District Court
Southern District of Texas
**ENTERED**
September 03, 2021
Nathan Ochsner, Clerk

| United States District Court | | Southern District of Texas |
|---|---|---|

| | | |
|---|---|---|
| Sea Eagle Ford, LLC, | § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-18-3257 |
| Texas Quality Well Services, L.L.C., | § § § | |
| Defendant. | § § | |

## Opinion on Partial Summary Judgment

1.  *Background.*

Sea Eagle Ford, LLC, operates oil and gas wells in McMullen County, Texas.

On July 7, 2016, Sea Eagle contracted with Texas Quality Well Services, L.L.C., to service its wells.

On March 21, 2017, Texas Quality was installing a HEAL bottom hole assembly in Sea Eagle's Shannon 4H well. As it was lowering the system, the entire tubing string and equipment fell into the well and stuck. For the next three months, Sea Eagle had to do costly fishing to remove the string.

On September 6, 2017, Sea Eagle sued Texas Quality for: (a) negligence; (b) breach of contract; (c) "breach of agreement for fishing expenses;" (d) declaratory judgment that it does not owe Texas Quality defense or indemnity; and (e) declaratory judgment that Texas Quality has an invalid lien for the work done on the wells. Texas Quality has moved for summary judgment on the first four claims. Sea Eagle has moved for partial summary judgment on the breach of contract and indemnity declaratory judgment.

2. *Indemnity Provision Applicability.*

It is undisputed that Colorado law applies to the contract and all claims arising under it.

The contract has reciprocal indemnity provisions that require each company to "release, protect, defend, indemnify, and hold harmless" the other and their respective affiliates "from and against all claims, demands, and causes of action of every kind and character without limit and without regard the cause or causes thereof or the actual or alleged negligence or fault of any party or parties including the sole, joint, or concurrent negligence" of either company and its affiliates that arise "in connection" with the other "on account of ... damage to property."

Texas Quality argues that this provision applies to all of the claims as damaged property – the string that fell into the well – was a necessary prerequisite for the fishing operation.

This is too expansive of a reading of the provision. Holding otherwise would allow any company to escape liability by claiming a minimal amount of property damage to exclude other damage. Sea Eagle still will be unable to recover for any damage that may have occurred to the well itself. The direct costs of the fishing operation itself are not property damage, so they – and the first three claims – are not covered by the indemnity provision.

3. *Breach of Contract.*

To succeed on a breach of contract claim, Sea Eagle must show that: (a) a contract existed; (b) it performed under the contract or was justified in not performing; (c) Texas Quality did not perform; and (d) Sea Eagle was damaged.[1]

Sea Eagle says that Texas Quality breached the master agreement and specific work orders by failing "to properly perform contracted for work on the Shannon 4H well." Sea Eagle does not identify a single contract provision that

---

[1] *W. Distribution Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Texas Quality breached. The closest thing to a provision is the recital saying that Texas Quality would have adequate equipment and trained personnel. Sea Eagle has no evidence this was breached – an accident is an accident. Sea Eagle has poorly repackaged a negligence claim as a breach of contract claim.

Sea Eagle's breach of contract claim fails.

4  *Breach of Reimbursement Agreement.*

An oral contract, like a written contract, requires consideration, or any benefit to the promisor or detriment to the promisee at the time of formation.[2]

Sea Eagle claims that the consideration for this agreement was allowing Texas Quality to use the fishing vendor that it wanted. Sea Eagle offers no evidence or a convincing explanation as to why this constitutes consideration. Sea Eagle does not show that the vendor it would have chosen would have done a higher quality or cheaper job. With no detriment, there is no consideration, so there is no contract to enforce.

Sea Eagle's breach of the reimbursement agreement claim fails.

5.  *Negligence.*

As this claim was pleaded in the alternative to the breach of contract claim – on which the bulk of this briefing was focused – the court will not rule on this claim at this time. The parties may move for summary judgment on this claim on the merits, and Texas Quality may claim the economic loss rule again if it so decides with more targeted briefing.

6.  *Declaratory Judgments.*

Because the fishing vendor was ultimately paid by Sea Eagle, the claim for a declaratory judgment on indemnity appears to be moot. The vendor has been paid and does not foreseeably have claims that it would bring against Texas

---

[2] *See Lucht's Concrete Pumping, Inc. v. Horner,* 255 P.3d 1058, 1061 (Colo. 2011).

Quality that will need to be indemnified. Sea Eagle's claim for declaratory judgment on indemnity is dismissed.

Because the negligence claim survives at this time, and Texas Quality's breach of contract claim is still live, the claim for declaratory judgment as to Texas Quality's liens subsists.

7. *Conclusion.*

Sea Eagle Ford, LLC, will take nothing against Texas Quality Well Services, L.L.C., for its breach of contract, breach of reimbursement agreement, and declaratory judgment as to indemnity claims.

Signed on September 2, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge